# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY D. FACIANE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-809** |
| **JASON KENT, WARDEN** | **SECTION "D" (2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.   Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.[1]   For the following reasons, I recommend that the petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.      FACTUAL BACKGROUND

Petitioner Corey D. Faciane is a convicted inmate incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2]   On March 27, 2011, Faciane was charged by bill of information in Jefferson Parish as a felon in possession of a weapon (count one) and for possession with intent to distribute cocaine (count two).[3]   Faciane pled not guilty to the charges on March 18, 2011.[4]

---

[1] A district court may hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence (*id*. § 2254(e)(2)(A)(ii)) *and* the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.   *Id*. § 2254(e)(2)(B).

[2] ECF No. 4, at 1.

[3] State Record (hereinafter "St. R.") Vol. 1 of 11, Bill of Information, 3/17/11.

[4] St. R. Vol. 1 of 11, Min. Entry, 3/18/11.

The Louisiana Fifth Circuit Court of Appeal summarized the facts established at trial as follows in

relevant part:

> Detective Ashton Gibbs testified that he was employed by the Gretna Police
> Department, and was assigned to the Major Crimes Task Force in February of 2011,
> during which time he met with a reliable confidential informant ("C.I.") who
> provided information that led to the investigation of defendant, Corey Faciane.
> Detective Gibbs set up a controlled purchase between the C.I. and defendant, using
> five $100 bills that Detective Gibbs provided, which had been photocopied before
> the controlled purchase took place.    Undercover surveillance was set up by
> Detective Gibbs, and other participating police detectives, at 2201 Manhattan
> Boulevard.   Detective Gibbs watched defendant and the C.I. enter apartment H-
> 2061 at that address.   After the C.I. had completed the purchase from defendant
> and returned to a predetermined location, Detective Gibbs retrieved a "light
> compressed powder" from the C.I. which tested positive for cocaine in a
> preliminary chemical field test.   Based upon the controlled purchase, Detective
> Gibbs obtained a search warrant for 2201 Manhattan, H-206, and also for a second
> apartment located at 3300 Wall Boulevard, apartment 240.   Detective Gibbs
> explained that a search warrant was obtained for both locations because defendant
> had been observed leaving the apartment on Wall Boulevard prior to the controlled
> purchase taking place and returned to the Wall Boulevard apartment after the
> transaction had taken place.   The warrants were obtained within 72 hours of when
> the controlled purchase took place and executed on February 10, 2011, at
> approximately 2:10 p.m.
>       Detective Gibbs was on the team that went to the apartment at 2201
> Manhattan Boulevard to execute the search warrant.   Although a "battery ram"
> was used to gain entrance to the apartment, police did have the front door key that
> was found on defendant's person.   Detective Gibbs identified State's Exhibit 32, a
> photograph of an ottoman found in the living room of defendant's apartment, under
> which a firearm was found "velcroed" to the base.   There was a live round in the
> chamber of the firearm.   Other photographs identified by Detective Gibbs showed
> that there was also another round of ammunition found in defendant's kitchen
> drawer next to three bags of an "off white compressed powder" that was stored
> behind the utensil container.   In a bag beneath the oven, more compressed powder
> was found.   Two digital scales, which had trace amounts of white powder, were
> located in a kitchen cabinet.   A third digital scale with white powder residue was
> found on top of a blue cookie tin.   The tin itself contained several bags of white
> compressed powder and white "rock like" objects.   A coffee pot and a Pyrex
> measuring container, both containing white residue, were also found in the kitchen
> area. Detective Gibbs opined that the items found are used in the creation of Crack
> cocaine.
>       Detective Gibbs identified State's Exhibit 65, which was a photograph of
> five $100 bills contained within the approximate $28,000.00 recovered from
> defendant's apartment on Wall.   Detective Gibbs testified that the serial numbers

on the bills matched those of the "pre-recorded currency" that was given to the C.I. prior to making a controlled purchase of illegal narcotics from defendant. Detective Gibbs identified defendant in open court.[5]

Faciane went to trial before a jury on March 15 through 17, 2016.[6]   The jury found Faciane guilty as charged on both counts.[7]   On March 22, 2016, the state trial court denied Faciane's motion for new trial.[8]   After Faciane waived legal delays, the court sentenced him to concurrent terms of 20 years in prison without benefit of parole, probation or suspension of sentence for count one and 25 years in prison at hard labor for count two.[9]   The State then filed a multiple offender bill charging Faciane as a third felony offender, to which Faciane entered a not guilty plea.[10]   At a June 23, 2016, hearing, Faciane withdrew that plea and entered a plea of guilty as a third felony offender.[11]   The court vacated the original sentences and resentenced Faciane as a third offender concurrently to serve 20 years in prison without benefit of parole, probation or suspension of sentence for count one and 25 years in prison at hard labor without probation or suspension of sentence for count two.[12]

On direct appeal to the Louisiana Fifth Circuit Court of Appeal, Faciane's counsel asserted four errors:

---

[5]  *State v. Faciane*, 233 So. 3d 195, 200-01 (La. App. 5th Cir. 2017); St. R. Vol. 8 of 11, 5th Cir. Opinion, 17-KA-224, at 1-3, 11/15/17.

[6]  St. R. Vol. 2 of 11, Trial Mins. (2 pages), 3/15/16 (the minutes for 3/15/6 are also dated 3/16/16); *id.*, Trial Mins. (3 pages), 3/16/16; *id.*, Trial Mins. (2 pages), 3/17/16; St. R. Vol. 7 -8 of 11, Trial Tr., at 1-130, 131-257, 3/16/16; St. R. Vol. 8 of 11, Trial Tr., at 1-68, 3/17/16.

[7]  St. R. Vol. 2 of 11, Jury Verdict Form, 3/17/16; *id.*, Trial Mins., at 2, 3/17/16; St. R. Vol. 8 of 11, Trial Tr., at 61-62, 3/17/16.

[8]  St. R. Vol. 2 of 11, Sentencing Mins., 3/22/16; *id.*, Trial Ct. Order, 3/22/16; *id.*, Motion for New Trial, 3/21/16; *id.*, State's Objection, 3/22/16; St. R. Vol. 8 of 11, at 862, Sentencing Tr., at 6, 3/22/16.

[9]  St. R. Vol. 2 of 11, Sentencing Mins., 3/22/16; St. R. Vol. 8 of 11, at 863, Sentencing Tr., at 7, 3/22/16.

[10]  St. R. Vol. 1 of 11, Multiple Bill, 3/22/16; St. R. Vol. 2 of 11, Sentencing Mins., 3/22/16; St. R. Vol. 8 of 11, at 864-65, Sentencing Tr., at 8-9, 3/22/16.

[11]  St. R. Vol. 2 of 11, Multiple Bill Hearing Mins., 6/23/16; *id.*, Waiver of Rights Plea of Guilty – Multiple Offender, 6/23/16; St. R. Vol. 8 of 11, at 873-876, Multiple Bill Hearing Tr., at 5-8, 6/23/16.

[12]  St. R. Vol. 2 of 11, Multiple Bill Hearing Mins., 6/23/16; St. R. Vol. 8 of 11, at 876-77, Multiple Bill Hearing Tr., at 8-9, 6/23/16.

(1)     The evidence was insufficient to support the verdict on both counts;

(2)     The state trial court erred when it denied the defense's motion for mistrial after the State presented evidence related to the controlled buy that was not disclosed prior to trial;

(3)     The state trial court erred when it failed to impose appropriate sanctions for violation of the sequestration order by two of the State's witnesses;

(4)     The state trial court erred when it denied defendant's motion for new trial.[13]

On November 15, 2017, the Louisiana Fifth Circuit affirmed Faciane's convictions and sentences, as amended.[14]   The court found no merit to the claims, and also held that his third claim of a sequestration violation was procedurally barred for lack of contemporaneous objection.

On October 8, 2018, without stated reasons, the Louisiana Supreme Court denied the writ application filed by Faciane's counsel.[15]   Faciane did not file an application for writ of certiorari with the United States Supreme Court within ninety (90) days, and thus, his convictions and sentences became final on Monday, January 7, 2019.[16]

In the meantime, on November 26, 2018, Faciane filed a pro se application for post-conviction relief with the state trial court in which he asserted six claims:

(1)     He received ineffective assistance of counsel when counsel failed to file a motion to quash the indictment;

---

[13] St. R. Vol. 8 of 11, Appeal Brief, 2017-KA-224, 6/12/17.

[14] *Faciane*, 233 So. 3d at 195; St. R. Vol. 8 of 11, 5th Cir. Opinion, 17-KA-224, 11/15/17.

[15] *State v. Faciane*, 253 So. 3d 797 (La. 2018); St. R. Vol. 10 of 11, La. Sup. Ct. Order, 2017-K-2069, 10/8/18; *id*., La. Sup. Ct. Writ Application, 17-K-2069, 12/13/17; St. R. Vol. 3 of 11, La. Sup. Ct. Letter, 2017-K2069, 12/14/17.

[16] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); SUP. CT. R. 13(1).   The final day fell on Sunday, January 6, 2019, causing the final day to fall on the next business day, Monday, January 7, 2019.   *See* LA. CODE CRIM. PROC. art. 13 ("The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday"); FED. R. CIV. PROC. 6(a)(1)(C) (". . . if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

(2)     He was denied due process when the state trial court allowed the prosecution to withhold the date and time of the controlled drug transaction;

(3)     He received ineffective assistance of counsel when counsel failed to object to the use at trial of the redacted transcript of Detective Stephen Arnold's prior testimony;

(4)     He was denied due process when the state trial court allowed the incomplete trial transcripts to go to his appellate counsel;

(5)     He was denied due process when Detective Disler and Detective Gibbs communicated in violation of the sequestration order before Disler's rebuttal testimony; and

(6)     He was denied due process when the state trial court denied the motion to suppress his coerced confession.[17]

On March 14, 2019, the state trial court denied the application, finding that review of Faciane's second, fourth, and sixth due process claims were barred under LA. CODE CRIM. PROC. art. 930.4(C) for failure to assert the known claims on direct appeal and that review of the fifth claim, related to the sequestration order, was barred under LA. CODE CRIM. PROC. art. 930.4(A) as repetitive of a claim addressed on direct appeal.[18]   The court also found meritless Faciane's two claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).[19]

On May 31, 2019, the Louisiana Fifth Circuit denied Faciane's related writ application, finding no error in the trial court's denial of relief.[20]   The court found, under *Strickland*, that Faciane's two ineffective assistance of counsel claims were meritless.   The court also determined that Faciane's fifth claim was resolved on direct appeal as procedurally barred for lack of a contemporaneous objection and was otherwise meritless.   The court specifically declined further

---

[17] St. R. Vol. 3 of 11, Application for Post-Conviction Relief, at 8, 11/30/18 (dated 11/26/18).

[18] St. Rec. Vol. 4 of 11, Trial Ct. Order, 3/14/19; *see also* St. R. Vol. 3 of 11, Trial Ct. Order, 12/5/18 (ordering briefing from the State); *id.*, State's Opposition, 2/27/19.

[19] St. Rec. Vol. 4 of 11, Trial Ct. Order, 3/14/19.

[20] St. R. Vol. 4 of 11, 5th Cir. Order, 19-KH-175, 5/31/19; St. R. Vol. 9 of 11, 5th Cir. Writ Application, 19-KH-175, 4/12/19 (cover letter dated 4/9/19).

review of that claim, citing LA. CODE CRIM. PROC. art. 930.4(A).   The court also reaffirmed the trial court's finding that the fourth and sixth claims were procedurally barred under LA. CODE CRIM. PROC. art. 930.4(C).   The court did not explain its reasons for denial of Faciane's second claim.[21]

The Louisiana Supreme denied Faciane's related writ application on February 10, 2020, finding that he failed to show that he received ineffective assistance of counsel under *Strickland* and that his remaining claims were barred under LA. CODE CRIM. PROC. art. 930.4.[22]

In the meantime, on June 11, 2019, Faciane filed a motion to correct his sentence in the state trial court.[23]   He argued that his sentences were illegal because one of his prior convictions had already been used to enhance another sentence for a weapons charge and could not now be used to enhance his sentence as a multiple offender.   The state trial court denied the motion on June 24, 2019, finding that the issue should have been asserted on direct appeal and otherwise was factually unsupported by the record.[24]   On October 17, 2019, the Louisiana Fifth Circuit denied Faciane's writ application, confirming the trial court's conclusion that the record did not factually support Faciane's claim.[25]   The Louisiana Supreme denied, without stated reasons, Faciane's related writ application on June 12, 2020.[26]

---

[21] The AEDPA does not require that state courts give written reasons for each claim.   *Accord Harrington*, 562 U.S. at 100-01 (discussing application of AEDPA standards to opinions without written reasons).

[22] *State v. Faciane*, 289 So. 3d 55 (La. 2020); St. R. Vol. 10 of 11, La. Sup. Ct. Order, 2019-KH-01012, 2/10/20; *id*., La. Sup. Ct. Writ Application, 19-KH-1012, 6/20/19; St. R. Vol. 4 of 11, La. Sup. Ct. Letter, 2019-KH-1012, 6/20/19.

[23] St. R. Vol. 4 of 11, Motion to Correct Illegal Sentence, 6/20/19 (dated 6/11/19).

[24] *Id*., Trial Ct. Order, 6/24/19.   The court also granted Faciane until November 8, 2019, to seek review of this ruling.   *Id*., Trial Ct. Order, 9/25/19.

[25] St. R. Vol. 4 of 11, 5th Cir. Order, 19-KH-482, 10/17/19; St. R. Vol. 11 of 11, 5th Cir. Writ Application, 19-KH-482, 10/2/19 (dated 9/24/19).

[26] *Faciane v. State*, __ So. 3d __, 2020 WL 3424939, at *1 (La. Jun. 12, 2020); St. R. Vol. 4 of 11, La. Sup. Ct. Letter, 2019-KH-01969, 12/13/19.   The record does not include a copy of the writ application in 2019-KH-01969, but it is not necessary to resolve the claims before me.

II.    **FEDERAL HABEAS PETITION**

On March 27, 2020, after correction of certain deficiencies, the Clerk of Court filed

Faciane's petition for federal habeas corpus relief.    Faciane asserts the following claims:

> (1)    Counsel failed to file a motion to quash the bill of information which did not contain the date and time of the alleged offense;
>
> (2)    The state trial court denied him due process and a fair trial when it allowed the prosecutor to withhold the date and time of the alleged controlled drug transaction;
>
> (3)    Counsel failed to object to the redacted transcript of Detective Stephen Arnold's prior testimony which was read to the jury at trial;
>
> (4)    The state trial court denied him due process when it allowed incomplete trial transcripts to be sent to his appellate attorney;
>
> (5)    He was denied due process when Detectives Disler and Gibbs communicated before Detective Disler's rebuttal testimony in violation of the sequestration order; and
>
> (6)    He was denied due process when the state trial court denied his motion to quash his coerced confession.[27]

The State filed a response in opposition to Faciane's petition in which it conceded

timeliness and exhaustion.[28]    The State asserts that Faciane's ineffective assistance of counsel

claims are meritless, and the denial of relief was not contrary to or an unreasonable application of

*Strickland*.    The State also asserts that Faciane's remaining claims are in procedural default and

barred from review in this court.    Faciane did not file a reply to the State's opposition response.

III.    **LAW AND ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28

---

[27] ECF No. 4.
[28] ECF No. 12.

U.S.C. § 2254.   The AEDPA went into effect on April 24, 1996,[29] and applies to habeas petitions filed after that date.[30]   Faciane's petition is deemed filed on February 26, 2020.[31]

### A.   Preliminary Considerations

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court.   In other words, has the petitioner exhausted state court remedies and is the petitioner in "procedural default" on a claim.[32]   Here, the State concedes and the record shows that Faciane's federal habeas petition is timely and state court review has been exhausted.   The State has urged that four of Faciane's claims are in procedural default, having been barred on state court post-conviction review as successive and repetitive under LA. CODE CRIM. PROC. art. 930.4.   The State's defense must be addressed before addressing the merits of the remaining claims.

### B.   Procedural Defaulted Claims

The State argues that Faciane's second, fourth, and sixth claims are procedurally barred under LA. CODE CRIM. PROC. art. 930.4(C) because Faciane could have but did not assert the claims

---

[29] The AEDPA was signed into law on that date and did not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.   *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[30] *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

[31] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.   *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).   The clerk of court filed Faciane's petition on March 27, 2020, after the filing fee was paid. Faciane signed the form petition and memorandum on February 26, 2020.   ECF 4 at 6, 24; ECF 4-2 at 211 (cover letter dated February 26, 2020).   This is the earliest indication appearing in the record of the date on which he could have presented his pleadings to prison officials for mailing to a federal court.   Payment of the filing fee does not alter the application of the federal mailbox rule.   *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

[32] *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

on direct appeal in the state courts.   The State contends that the procedural bars imposed by the state courts prevent Faciane from now seeking review of his second, fourth, and sixth claims in this court.   The State also recognizes that the state courts barred post-conviction review Faciane's fifth claim pursuant to LA. CODE CRIM. PROC. art. 930.4(A).   The State concedes, however, that the bar pursuant to LA. CODE CRIM. PROC. art. 930.4(A) does not prevent review of that claim by this federal court.   Instead, this federal habeas court would look to the procedural bar of Faciane's fifth claim imposed by the Louisiana Fifth Circuit on direct appeal.   In that opinion, the court barred review of the claim for lack of a contemporaneous objection under LA. CODE CRIM. PROC. art. 841(a).

A federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment.[33]   This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.[34]   Procedural default does not bar federal court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.[35]   Imposition of a procedural bar prevails to prevent federal court review over any alternative discussion of the merits of the claim by a state court.[36]   On federal habeas review, the

---

[33] *Cone v. Bell*, 556 U.S. 499, 465 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *Ramirez v. Stevens*, 641 F. App'x 312, 319 (5th Cir. 2016).

[34] *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

[35] *Rhoades v. Davis*, 914 F.3d 357, 372 (5th Cir. 2019) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)).

[36] *Rhoades*, 914 F.3d at 372; *Robinson v. Louisiana*, 606 F. App'x 199, 204 (5th Cir. 2015) (citing *Woodfox v. Cain*, 609 F.3d 774, 796 (5th Cir. 2010)).

court looks to the last reasoned opinion of the state courts to determine whether denial of relief was on the merits or based on state law procedural grounds.[37]

### 1. Independent and Adequate State Law Basis

For the state law procedural bar to prevent review by this federal habeas court, the bar must be both independent and adequate. A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.[38] The state-law ground may be a substantive rule dispositive of the case or a procedural bar to adjudication of the claim on the merits.[39] To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.[40] A state procedural rule "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others."[41] However, a state procedural rule that is applied arbitrarily or in an unexpected manner may be considered inadequate to prevent federal review.[42]

The question of the adequacy of a state procedural bar is itself a federal question.[43] On habeas review, state procedural rules enjoy a presumption of adequacy, and the burden is on the petitioner to demonstrate otherwise.[44] It also is not the federal habeas court's province to disagree

---

[37] *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . then presume that the unexplained decision adopted the same reasoning.")

[38] *Rhoades*, 914 F.3d at 372; *Rogers v. Mississippi*, 555 F. App'x 407, 408 (5th Cir. 2014).

[39] *Wainwright v. Sykes*, 433 U.S. 72, 81-82 (1977).

[40] *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60 (2009)); *Rogers*, 555 F. App'x at 408; *see also Glover v. Cain*, 128 F.3d at 902 (To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases).

[41] *Beard*, 558 U.S. at 60-61.

[42] *Martin v. Maxey*, 98 F.3d 844, 847-48 (5th Cir. 1996); *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir. 1990).

[43] *Id.* at 60 (citing *Lee*, 534 U.S. at 375).

[44] *Glover*, 128 F.3d at 902; *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

with the application of the bar or to correct state court errors.[45]    It is only to determine its

adequacy.[46]    Thus, when state courts apply a procedural bar that has neither foundation in the

record nor basis in state law, federal courts need not honor that bar.[47]    However, when a foundation

and basis exist in the record, as they do in Faciane's case, the bar must stand.

### 2.    State Courts' Rulings

As outlined above, on state post-conviction review, Faciane asserted four due process

claims challenging the introduction at trial of evidence of the time and date of the controlled buy

(claim two) and the transcript of Detective Arnold's prior testimony (claim four), the sequestration

order violation by Detective Disler (claim five), and the denial of the motion to quash his

confession (claim six).    In keeping with the lower courts' reasoned decisions, the Louisiana

Supreme Court ultimately found Faciane's post-conviction claims repetitive under La. Code

Crim. Proc. art. 930.4.

As more expressly discussed by the lower state courts on post-conviction review, La. Code

Crim. Proc. arts. 930.4 provides several grounds for the state courts to decline review of claims

that are successive and repetitive.[48]    Under article 930.4(A), post-conviction review is not

available for claims already litigated on direct appeal.    Under article 930.4(C), review is not

available for claims that were known to the petitioner and not asserted on direct appeal.    The state

courts applied both restrictions to bar review of these four post-conviction due process claims.

---

[45] *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) and *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

[46] *Lee v. Cain*, No. 03-2626, 2004 WL 2984274, at *1 n.2 (E.D. La. Dec. 6, 2004) (Vance, J.).

[47] *See e.g.*, *Davis v. Johnson*, No. 00CV684-Y, 2001 WL 611164, at *4 & n.10 (N.D. Tex. May 30, 2001); *Johnson v. Lensing*, No. 99-0005, 1999 WL 562728, at *4 (E.D. La. Dec. 5, 2011); *Poree v. Cain*, No. 97-1546, 1999 WL 518843, at *4 (E.D. La. Jul. 20, 1999).

[48] *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate the basis of a procedural default, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

### 3. LA. CODE CRIM. PROC. art. 930.4(A)

The record reflects that the Louisiana courts barred post-conviction review of Faciane's fifth claim under LA. CODE CRIM. PROC. art. 930.4(A), because the claim was addressed on direct appeal.   As noted by the State, the restriction under LA. CODE CRIM. PROC. art. 930.4(A) is not the kind of procedural bar that prevents a federal habeas court from reviewing the claims, but instead precludes Louisiana courts from reviewing a post-conviction claim already "fully litigated" on direct appeal.[49]   The presumption is that the claim was not new or different from something previously litigated and resolved on appeal by the higher state courts.[50]   As a result, "the bar imposed by article 930.4(A) is not a procedural bar in the traditional sense, nor is it a decision on the merits."[51]   A federal habeas court simply "look[s]-through" the ruling on collateral review and considers the findings and reasons on direct appeal where the claims were first litigated.[52]

The State correctly asserts that LA CODE CRIM. PROC. art. 930.4(A) prevented further review of Faciane's fifth claim (sequestration order violation) on state post-conviction review. This court, however, must "look through" those decisions to assess the resolution of the claim when it was asserted and considered on direct appeal.   Doing so reveals that Faciane's fifth claim was procedurally defaulted and barred from review by the Louisiana Fifth Circuit on direct appeal. Specifically, the Louisiana Fifth Circuit found the claim procedurally defaulted for lack of a contemporaneous objection to the alleged sequestration order violation, as required by LA. CODE CRIM. PROC. art. 841(A).[53]   Because of this state court default, Faciane is not entitled to federal

---

[49] *Bennett v. Whitley*, 41 F.3d 1581 (5th Cir. 1994); *Woodfox v. Cain*, 772 F.3d 358, 369 (5th Cir. 2014).
[50] *Bennett*, 41 F.3d at 1583.
[51] *Id.*
[52] *Id.* at 1582-83.
[53] This was the last reasoned opinion on the issue.   *Wilson*, 138 S. Ct. at 1192.

review of his claim.   I will address the article 841(A) bar imposed in connection with Faciane's

fifth claim (sequestration order violation) in Section III(B)(5).

### 4.    LA. CODE CRIM. PROC. art. 930.4(C)

In Faciane's case, the state courts clearly applied LA. CODE CRIM. PROC. art. 930.4(C) to

bar review of Faciane's second, fourth, and sixth claims, *i.e.* allowance of time and date evidence

at trial, incomplete transcripts, and suppression of confession, because the claims could have been

but were not asserted on direct appeal.   The Louisiana Supreme Court generally applied LA. CODE

CRIM. PROC. art 930.4 to bar review of these claims.   Consistent with the lower courts' rulings,

pursuant to LA. CODE CRIM. PROC. art. 930.4(C), Faciane could not seek post-conviction relief for

a claim that could have been asserted on direct appeal.   Thus, the state court's ruling on Faciane's

second, fourth, and sixth claims was based on a Louisiana law setting forth the procedural

requirements for preservation and presentation of claims on post-conviction review.[54]   The court's

reason for dismissal of Faciane's claims were independent of federal law.

In addition, as federal courts have repeatedly recognized, the independent state law bar

imposed under LA. CODE CRIM. PROC. art. 930.4(C) is regularly and evenly applied by the state

courts in similar cases.[55]   Likewise, in Faciane's case, the article 930.4(C) restriction is also

adequate to bar this court's review of his second, fourth, and sixth claims.

---

[54] *See Rogers*, 555 F. App'x at 408 (state courts' clear reliance on state procedural rule is determinative of the issue).

[55] *See, e.g.*, *Coleman v. Cain*, No. 07-3655, 2014 WL 348541, at *11 (E.D. La. Jan. 31, 2014) (Milazzo, J.) (Article 930.4(B) & (C) are independent and adequate to bar federal habeas review); *Johnson v. Cain*, No. 12-0621, 2012 WL 5363327, at *4 (E.D. La. Oct. 30, 2012) (Lemelle, J.) (Article 930.4(C) is independent and adequate state procedural bar); *Perez v. Cain*, No. 12-1331, 2012 WL 4815611, at *1 (E.D. La. Oct. 10, 2012) (Barbier, J.) (same); *see also Bennett*, 41 F.3d at 1581 (Article 930.4 is an independent and adequate state procedural rule)).

## 5.    LA. CODE CRIM. PROC. art. 841(A)

As discussed in Subsection 3 above, the last reasoned decision on Faciane's fifth claim, violation of the sequestration order, was the Louisiana Fifth Circuit's decision relying on Louisiana procedural rules governing preservation of claims for direct appeal under LA. CODE CRIM. PROC. art. 841(A).[56]   Under the terms of LA. CODE CRIM. PROC. art. 841(A), "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."   It is well-settled that this type of "contemporaneous objection" rule is an "independent and adequate" state procedural ground which bars federal habeas corpus review.[57]   The state courts' dismissal of Faciane's claim, therefore, was independent of federal law and relied on state procedural requirements.[58]   The state court's alternative discussion of the merits of the claim does not prevent the imposition of the procedural bar to this court's review.[59]

In addition, it is well-settled that Louisiana's courts regularly apply and enforce the requirement that a criminal defendant cannot appeal based on grounds on which no objection was articulated at trial.[60]   Therefore, the failure to preserve a claim contrary to Louisiana law,

---

[56] *Faciane*, 233 So. 3d at 211; St. R. Vol. 8 of 11, 5th Cir. Opinion, 17-KA-224, at 21-22, 11/15/17; St. R. Vol. 4 of 11, 5th Cir. Order, 19-KH-175, 5/31/19.

[57] *Wainwright*, 433 U.S. at 87-88.

[58] *See Harris*, 489 U.S. at 263.

[59] *Rhoades*, 914 F.3d at 372; *Robinson*, 606 F. App'x at 204.

[60] *See Workman v. Kent*, No. 18-13175, 2019 WL 9469698, at *14 (E.D. La. Sep. 6, 2019), *R&R adopted*, 2020 WL 4219665, at *1 (E.D. La. Jul. 23, 2020) (citing examples of regular application of Article 841(A) by Louisiana courts); *Diggins v. Vannoy*, No. 17-3416, 2019 WL 3457265, at *3 (E.D. La. Jul. 31, 2019) (Lemelle, J) (Article 841(A) is independent and adequate); *Perez*, 2008 WL 108661, at *16 (same); *Marshall v. Cain*, No. 04-219, 2006 WL 2414073, at *1 (E.D. La. Aug. 18, 2006) (Zainey, J.) (Order adopting Report and Recommendation); *Toney v. Cain*, 24 F.3d 240, 1994 WL 243453, at *2 (5th Cir. May 20, 1994); *Riggins v. Butler*, 705 F. Supp. 1205, 1208 (E.D. La. 1989); *Procter v. Butler*, 831 F.2d 1251, 1253 (5th Cir. 1987); *accord Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir. 2002) (citing *Wainwright*, 433 U.S. at 87-88) (Louisiana's contemporaneous objection rule is an adequate state bar to federal review of defaulted claims)).

including LA. CODE CRIM. PROC. art. 841, provides adequate state grounds to bar review by this courts in a federal habeas corpus proceeding.[61]   The same is true in Faciane's case.

### 6.    Summary

For the foregoing reasons, the state court imposed procedural bars under LA. CODE CRIM. PROC. arts. 841(A) & 930.4(C) are independent state laws and, as applied, adequate to bar review of Faciane's second, fourth, fifth, and sixth federal habeas claims.   Only if Faciane meets an exception to this rule could he be excused from the procedural bar.

### a.    Cause and Prejudice

A federal habeas petitioner may be excluded from the procedural default rule if he can show "cause" for his default *and* "prejudice attributed thereto."[62]   To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.[63]   The mere fact that a petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.[64]   The Supreme Court has declined to give a precise definition for the term "actual prejudice" and instead requires the reviewing court to impose due process considerations regarding the impact of the alleged error or default on the outcome of the proceeding.[65]

---

[61] *Procter*, 831 F.2d at 1253.
[62] *Gonzales v. Davis*, 924 F.3d 236, 241-42 (5th Cir. 2019) (citing *Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262).
[63] *Maples v. Thomas*, 565 U.S. 266, 280 (2012) ("Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule."); *Gonzales*, 924 F.3d at 242 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).
[64] *Murray*, 477 U.S. at 486.
[65] *United States v. Frady*, 456 U.S. 152, 167-68 (1982) (citing *Wainwright*, 433 U.S. at 91).

In this case, Faciane has offered no cause, and the record reflects none, to excuse the procedural bars imposed by the Louisiana courts.   The record does not support a finding that any external factor prevented Faciane or his counsel from asserting the claims in a procedurally proper manner.   The record also does not reflect any action or inaction on the part of the prosecution or the state courts that prevented Faciane from doing so.   "If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice."[66]

Having failed to show any cause for his default, the court need not determine whether prejudice resulted.   Nonetheless, Faciane has not alleged and the record does not demonstrate any actual prejudice of the kind necessary to excuse his default.[67]   Accordingly, Faciane's second, fourth, fifth, and sixth claims are procedurally barred from review in this court.

### b.    Fundamental Miscarriage of Justice

Faciane may also avoid the procedural bars if a fundamental miscarriage of justice will occur if the merits of his claims are not reviewed.[68]   To establish a fundamental miscarriage of justice, Faciane must provide this court with evidence that would support a "colorable showing of factual innocence."[69]   He would have to establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to his guilt.[70] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere

---

[66] *Matchett v. Dretke*, 380 F.3d 844, 848-49 (5th Cir. 2004) (quoting *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997)).

[67] *Meanes v. Johnson*, 138 F.3d 1007, 1011 (5th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134, n.43 (1982)).

[68] *Gonzales*, 924 F.3d at 241-42.

[69] *Murray v. Quarterman*, 243 F. App'x 51, 55 (5th Cir. 2007).

[70] *Id*. (citing *Bagwell v. Dretke*, 372 F.3d 748, 756 (5th Cir. 2004)); *see Nobles*, 127 F.3d at 423 n.33 (actual innocence requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").

legal insufficiency."[71]   When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception.[72]

Faciane does not present any claim, and the record contains nothing, to suggest or establish actual innocence on the underlying crimes that would compel this court to consider his defaulted claims, none of which address guilt or innocence.   In other words, Faciane fails to present any evidence or argument of actual innocence to excuse the procedural default of these claims.

### c.    Summary

Faciane has failed to establish cause or prejudice, or a fundamental miscarriage of justice, to overcome the procedural bars to review of these four due process claims.   For the foregoing reasons, Faciane's second (date and time evidence), fourth (incomplete transcript), fifth (violation of sequestration order), and sixth (denial of motion to suppress) claims should be dismissed with prejudice as procedurally barred.

### C.    Faciane's Remaining Claims

### 1.    Standards of a Merits Review of the Remaining Claims

As to Faciane's remaining claims, § 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law in federal habeas corpus proceedings.[73]   Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"[74]   The statute also codifies the "presumption of correctness" that attaches to state court findings of fact

---

[71] *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

[72] *Woodfox*, 609 F.3d at 793.

[73] *Nobles*, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

[74] *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)).

and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.   28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1).   The determination receives deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'"[75]   The United States Supreme Court has clarified the § 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.[76]

The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question."[77]   "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'"[78]

---

[75] *Penry v. Johnson*, 215 F.3d 504, 507 (5th Cir. 2000) (brackets in original) (quoting *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000)), *aff'd in part, rev'd in part on other grounds*, 532 U.S. 782 (2001); *Hill*, 210 F.3d at 485.

[76] *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001) (citing *Williams*, 529 U.S. at 405-06, 407-08); *Hill*, 210 F.3d at 485.

[77] *White v. Woodall*, 572 U.S. 415, 427 (2014) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)); *Shoop v. Hill*, 139 S. Ct. 504, 506 (2019) (quoting *Harrington*, 562 U.S. at 103).

[78] *White*, 572 U.S. at 426 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)); *Shoop*, 139 S. Ct. at 509 (habeas courts must rely "strictly on legal rules that were clearly established in the decisions of this Court at the relevant time.")

"'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'"[79]   Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable."[80]   The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.[81]

## 2.    Claims One and Three: Ineffective Assistance of Counsel

Faciane claims that he received ineffective assistance of counsel when his trial counsel failed to file a motion to quash the bill of information as defective because it did not provide the date and time of the second count, possession with intent to distribute cocaine, as required by Louisiana law.   He contends that counsel's failure waived his right to challenge the bill of information.   Faciane also claims that this his counsel provided ineffective assistance when he failed to object to the use at trial of the redacted transcript of Detective Stephen Arnold's prior testimony.   Faciane argues the transcript violated his confrontation rights to fully cross-examine Detective Arnold.

In its opposition response, the State argues that Faciane failed to establish ineffective assistance under *Strickland* in the state courts.   The State contends that the state courts' denial of relief was not contrary to, or an unreasonable application of, *Strickland*.

---

[79] *Price v. Vincent*, 538 U.S. 634, 641 (2003) (brackets in original) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (citations omitted)).
[80] *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).
[81] *Price*, 538 U.S. at 641 (*quoting Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006).

### a. State Court Rulings

Faciane asserted these same arguments to the state trial court on post-conviction review. The court denied relief under the standards of *Strickland*.[82]    The court noted factual errors in Faciane's claim and held that Faciane's counsel had acted with "earnest advocacy."[83]    The court also concluded that Faciane could not establish prejudice.    The court found that, had the bill of information been quashed, the prosecutor could have filed a new bill.    The court further determined that counsel made a "spir[i]ted challenge" to the admissibility of Detective Arnold's testimony from the motion to suppress hearing.[84]    By the time of trial, Detective Arnold had been injured in the line of duty and was in a comma, making him unavailable to testify.    The court noted that Faciane's counsel successfully obtained a ruling to prevent the jury from knowing the details of Detective Arnold's absence.    The court concluded that the trial court correctly admitted the transcript "not [as] a failing of counsel, but adherence to the rules of evidence."[85]

The Louisiana Fifth Circuit also denied Faciane's claims in his related writ application under *Strickland*.[86]    The court referenced the unsuccessful pretrial efforts of Faciane's counsel to obtain the date and time information.    The court concluded that, in light of the pretrial rulings and the evidence of his guilt, Faciane failed to prove ineffective assistance of counsel.    As for Detective Arnold's transcript, the court quoted the state trial court's reasons and concluded that Faciane failed to prove ineffective assistance of counsel.    The court also found that, based on Faciane's confession and other trial evidence, he could not prove prejudice.    Ultimately, the

---

[82] St. R. Vol. 4 of 11, Trial Court Order, at 1-2, 3, 3/14/19.
[83] *Id*. at 2.
[84] *Id*. at 3.
[85] *Id*.
[86] *Id*., 5th Cir. Order, 19-KH-175, at 2-4, 5/31/19.

Louisiana Supreme Court denied Faciane's related writ application for failure to meet the *Strickland* burden of proof.[87]

### b. AEDPA Standards Applied to *Strickland*

The issue of ineffective assistance of counsel is a mixed question of law and fact.[88]   Under the AEDPA standards, this court must determine whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.

In *Strickland*, the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice.[89]   The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness."[90]   Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[91]   A court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of a claim based solely on a petitioner's failure to meet either prong of the test.[92]   A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' . . . But it is not enough under *Strickland*, 'that the errors had some conceivable effect on the outcome of the proceeding.'"[93]

---

[87] *Faciane*, 289 So. 3d at 55; St. R. Vol. 10 of 11, La. Sup. Ct. Order, 2019-KH-01012, 2/10/20.
[88] *Strickland*, 466 U.S. at 698; *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012); *Woodfox*, 609 F.3d at 789.
[89] 466 U.S. at 697
[90] *Id.* at 687-88.
[91] *Id.* at 694; *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).
[92] *Kimler*, 167 F.3d at 893.
[93] *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (citation omitted) (quoting *Strickland*, 466 U.S. at 693); *Harrington*, 562 U.S. at 112 (*Strickland* requires a "substantial" likelihood of a different result, not just "conceivable" one.)

On habeas review, the Supreme Court has clarified that, under *Strickland*, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom."[94]   "Even under de novo review, the standard for judging counsel's representation is a most deferential one."[95]   The courts must therefore apply the "strong presumption" that counsel's strategy and defense tactics fall "within the wide range of reasonable professional assistance."[96]

Federal habeas courts presume that litigation strategy is objectively reasonable unless clearly proven otherwise by the petitioner.[97]   "It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence."[98]   In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial.[99]   Tactical decisions, when supported by the circumstances, are objectively reasonable and do not amount to unconstitutionally deficient performance.[100]

### i.    Quash the Bill of Information

Faciane's claims that his trial counsel should have moved to quash the bill of information because it did not provide the date and time related to the possession with intent to distribute

---

[94] *Harrington*, 562 U.S. at 105.
[95] *Id.*
[96] *Strickland*, 466 U.S. at 690.
[97] *Id.* at 689; *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008); *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999).
[98] *Harrington*, 562 U.S. at 105.
[99] *Strickland*, 466 U.S. at 689; *Neal*, 286 F.3d at 236-37; *Clark v. Johnson*, 227 F.3d 273, 282-83 (5th Cir. 2000), *cert. denied*, 531 U.S. 1167 (2001).
[100] *Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir.), *cert. denied*, 528 U.S. 1013 (1999) (citing *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997); *Mann v. Scott*, 41 F.3d 968, 983-84 (5th Cir. 1994)).

charge.[101]    He claims that the date and time were a necessary part of the charge and for preparation of his defense.

The United States Supreme Court has held that an indictment is sufficient if it both informs the defendant of the accusation against him so as to enable him to prepare his defense and affords him protection against double jeopardy.[102]    Louisiana law promotes this clarity by requiring the charging document be "a plain, concise, and definite written statement of the essential facts constituting the offense charged," which must include "for each count the official or customary citation of the statute which the defendant is alleged to have violated."[103]    There is *no* requirement under Louisiana law that the location, date, or time of the crime be included in the charging document unless they are "essential to the offense."[104]

Faciane challenges the details in his bill of information related to the possession with intent to distribute cocaine charge, which read as follows:

> COUNT 2) And the District Attorney further gives the Court to understand and be informed that on or about the 10th day of February, 2011, the said **COREY D. FACIANE** violated R.S. 40:967.A in that he did knowingly and intentionally possess with intent to distribute a controlled dangerous substance, to wit: Cocaine, contrary to the form and Statute of the State of Louisiana, and against the peace and dignity of the State.[105]

When considering his arguments, the state courts found that Faciane was adequately on notice of the charges and provided the facts underlying the charges through the arrest warrant documents. He does not contest this point.

---

[101]  Faciane's counsel filed an unsuccessful motion to quash the bill of information on grounds that the weapons charge under LA. REV. STAT.§ 14:95.1 was unconstitutional.    St. R. Vol. 1 of 11, Motion to Quash Bill of Information, 7/8/13.

[102]  *United States v. Debrow*, 346 U.S. 374 (1953).

[103]  LA. CODE CRIM. PROC. art. 464.

[104]  LA. CODE CRIM. PROC. arts. 468, 469.

[105]  St. R. Vol. 1 of 11, Bill of Information, 3/17/11.

Instead, his challenge is to counsel's failure to object to the bill of information because it lacked the date and time of the crimes.   As noted by the state trial court, the bill of information clearly indicates in each count that the crimes occurred "on or about the 10th day of February, 2011."[106]   Faciane's assertion that the bill of information did not include the dates of the encounters (or his contention that they occurred on different dates) is not supported by the record.

Faciane also has not provided any basis for his claim that the time of day was relevant to proving or defending the charge of possession with intent to distribute.   To establish possession of a controlled dangerous substance, such as cocaine, with intent to distribute, under LA. REV. STAT.§ 40:967, the State is required to prove that the defendant knowingly and intentionally possessed the drug and that he did so with the intent to distribute it.[107]   The time of the crime is not an element of the crime under Louisiana law, and therefore did not need to be in the bill of information.   Furthermore, the bill of information form used in Faciane's case was authorized by Louisiana law.[108]   The language required by LA. CODE CRIM. PROC. art. 463 also provides the necessary due process protections.[109]

---

[106] *Id*.

[107] *State v. Smith*, 649 So.2d 1078, 1081 (La. App. 4th Cir. 1995).

[108] LA. CODE CRIM. PROC. art. 463 provides:

The information may be in substantially the following form:

In the (Here state the name of the court.) on the _____ day of _____, 20___. State of Louisiana v. A.B. (Here state the name or description of the accused.).

X.Y., District Attorney for the Parish of _____, charges that A.B. (Here state the name or description of the accused.) committed the offense of _____, in that (Here set forth the offense and transaction according to the rules stated in this Title. The particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars.) contrary to the law of the state of Louisiana and against the peace and dignity of the same.

[109] *See*, *e.g.*, *Fields v. Cain*, No. 05-074, 2007 WL 458208, at *1, 10-11 (E.D. La. Feb. 8, 2007); *Cheramie v. Cain*, No. 12-0147, 2013 WL 486688, at *8-9 (E.D. La. Jan. 10, 2013), *R&R adopted*, 2013 WL 1455740, at *1 (E.D. La. Apr. 9, 2013).

For these reasons, Faciane has not established that there was a defect or due process violation in the form and content of the bill of information charging him with possession with intent to distribute cocaine.   Thus, he has not established a basis for his counsel to have filed a motion to quash the indictment.   Counsel does not provide ineffective assistance by failing to assert a meritless motion.[110]

Furthermore, as determined by the state courts, in light of the strong evidence against Faciane, he cannot establish prejudice.   Had his counsel filed a successful motion to quash, the State undoubtedly would have filed another bill of information, and there is nothing to show that the verdict would have been different.[111]   Accordingly, Faciane has not met the heavy burden of establishing that state courts' denial of relief was contrary to or an unreasonable application of *Strickland*.   Faciane is not entitled to relief on this claim.

### ii.    Challenge Use of Detective Arnold's Transcript

Faciane claims that his counsel failed to protect his Sixth Amendment confrontation rights when he did not object to the introduction of a transcript of Detective Stephen Arnold's testimony from the pretrial suppression hearing.   The State argues that Faciane cannot establish prejudice arising from the use of the transcript based on the weight of the evidence of his guilt.

On October 14, 2011, Detective Arnold and other officers testified before the state trial court in connection with Faciane's unsuccessful motions to suppress the evidence and his

---

[110] *Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017) ("Obviously, counsel is not deficient for failing to make a meritless . . . motion."); *Darby v. Johnson*, 176 F.3d 479, 1999 WL 153045, at *2 (5th Cir. 1999) ("Trial counsel's failure to assert a meritless motion cannot be grounds for a finding of deficient performance."); *Soliz v. Davis*, 750 F. App'x 282, 293 (5th Cir. 2018) (same).
[111] *Brown v. Cain*, 337 F.3d 546, 550 n.5 (5th Cir. 2003); *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003) ("[W]e have no doubt that, if [petitioner] had been successful in having his indictment quashed, the State of Louisiana would have sought and obtained a second indictment").

inculpatory statement.[112]    Detective Arnold testified regarding Faciane's waiver of rights form and

his recorded and transcribed inculpatory statement and was cross-examined at length by Faciane's

counsel.[113]    Before trial, the State filed a motion for the state trial court to declare Detective Arnold

unavailable to testify at trial and to allow his October 14, 2011, testimony to be read into the record

at trial.[114]    The State argued and provided evidence that, on January 26, 2016, Detective Arnold

was shot multiple times while serving a warrant on an unrelated individual.    He remained

hospitalized in critical condition and unable to speak.    The State provided supplemental materials

establishing that Detective Arnold had been interdicted due to his medical and physical

incapacity.[115]

In response to the State's motion, Faciane's counsel filed a motion recognizing that,

although evidentiary rules and law provide for the use of the transcript, Faciane was entitled to an

order preventing the State from disclosing to the jury that Detective Arnold was shot in the line of

duty and was on life support.[116]    Faciane's counsel also filed a motion for permission for the

defense to propose questions in front of the jury that would have been asked to Detective Arnold

if he were present.[117]

On March 14, 2016, the state trial court heard argument from on the motions.[118]    Faciane's

counsel opposed the State's motion because "that deprives Mr. Faciane the right to confront his

---

[112] St. R. Vol. 1 of 11, Hearing Minutes, 10/14/11; St. R. Vol. 7 of 11, Hearing Transcript, 10/14/11.
[113] St. R. Vol. 7 of 11, Hearing Transcript, at 22-29 (direct), 29-38 (cross-examination), 38-41 (redirect),10/14/11.
[114] St. R. Vol. 2 of 11, Motion to Declare Det. Stephen Arnold Unavailable and to Admit His Prior Testimony at Trial, 3/2/16. ANSWER – sorry it did not all fit on the sticky note so I kept it short
[115] *Id*., Supplemental Motion, 3/11/16.
[116] *Id*., Motion in Limine, 3/14/16.
[117] *Id*., Motion to Allow Defense to Pose Questions to the Unavailable Witness, 3/14/16; *see also id.*, State's Opposition, 3/14/16.
[118] St. R. Vol. 2 of 11, Hearing Minutes, 3/14/16; St. R. Vol. 7 of 11, Hearing Transcript, 3/14/16.

accusers."[119]   Counsel went on to argue that, at the prior preliminary hearing, "the scope of cross examination is specifically limited to the facts of the Motion to Suppress," and Faciane did not have the opportunity "to cross examine [Detective Arnold] regarding the entirety of the investigation."[120]

The state trial court granted the State's motion and declared Detective Arnold unavailable for trial based on his interdiction and the law allowing the admissibility of the transcript under the circumstances.[121]   The court denied Faciane's motion to pose questions and granted Faciane's motion to prevent the State and its witnesses from referencing the cause for Detective Arnold's absence.[122]   On March 15, 2016, prior to trial, the court provided counsel with the explanatory language it would read to the jury and the approved redactions for the transcript.[123]

Although Faciane's counsel did not re-urge an objection at trial, it is clear that his counsel opposed the State's motion and the introduction of the transcript as a violation of Faciane's confrontation rights.   His claim that counsel did not oppose or object to protect his confrontation rights is factually unsupported.   In addition, his counsel is not ineffective simply because the opposition to the introduction of the transcript was unsuccessful.[124]   His counsel also was not ineffective for failing to re-urge the motion or objection already denied as meritless.[125]

---

[119] St. R. Vol. 7 of 11, Hearing Transcript, at 8, 3/14/16.

[120] *Id*.

[121] *Id*. at 7, 10-11.

[122] *Id*. at 6, 12; St. R. Vol. 2 of 11, Hearing Minutes, 3/14/16; *id*., Trial Court Order, 3/15/16.

[123] St. R. Vol. 7 of 12, Hearing Transcript, at 4, 3/15/16.

[124] *See Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004) ("Again, an unsuccessful strategy does not necessarily indicate constitutionally deficient counsel.")

[125] *Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017) ("Obviously, counsel is not deficient for failing to make a meritless . . . motion."); *Darby v. Johnson*, 176 F.3d 479, 1999 WL 153045, at *2 (5th Cir. 1999) ("Trial counsel's failure to assert a meritless motion cannot be grounds for a finding of deficient performance."); *accord Soliz v. Davis*, 750 F. App'x 282, 293 (5th Cir. 2018) (quoting *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007)).

Faciane has not shown that his counsel was ineffective under *Strickland*.   He therefore has failed to establish that the state courts' denial of relief was contrary to or an unreasonable application of federal law.   He is not entitled to relief on this claim.

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Faciane's habeas corpus petition under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[126]

New Orleans, Louisiana, this ___14th___ day of October, 2020.


DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[126]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).   *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).